Ramo Ruznic # 98456
ISCI P.O. Box 14
Boise, Idaho 83707

Plaintiff Pro se

Case No: _____ Inmate Name: RAMO RUZNIC
Date: 10/03/2019 Inmate IDOC#: 98456
Document Title: CIVIL RIGHTS
Total Pages: 10 Inmate Initials Verifying Page Count: R.R.
Document(s) ___ of ___   Exhibits 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMO RUZNIC<br>   Plaintiff<br><br>v.<br><br>CORIZON MEDICAL SERVICES,<br>REBEKAH HAGGARD MD,<br>RONA SIEGERT, IDOC Health Director and<br>UNNAMED AND UNKNOWN INDIVIDUALS IN<br>THEIR OFFICIAL AND INDIVIDUAL CAPACITY<br>   Defendants | Case No. _____<br><br>PRISONERS CIVIL RIGHTS COMPLAINT<br>REQUEST FOR JURY TRIAL |

(1)  INTRODUCTION

This is a civil action where plaintiff seeks declaratory and injunctive relief as well as monetary and punitive damages under 42 U.S.C §1983 for violation of the Eighth Amendment of the U.S. Constitution as a result of the deliberate indifference of the defendants named above to the serious medical needs of plaintiff by subjecting plaintiff to "unnecessary and wanton infliction of pain and suffering". Plaintiff asserts that defendants have been made aware of his serious medical concerns and have not reasonably responded to them. Based on the clear and convincing evidence to follow, defendants need to be held accountable for their neglect and negligence in this case.

(2)  JURISDICTION AND VENUE

A.  Plaintiff brings this action pursuant to 42 U.S.C. §1983 and the Eighth Amendment of the United States Constitution.

PRISONERS CIVIL RIGHTS COMPLAINT                                Pg. 1

B.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

(3) PLAINTIFF, Ramo Ruznic is an adult individual incarcerated at the Idaho State Correctional Institution (ISCI), located at P.O. Box 14, Boise, Idaho 83707. Plaintiff Ruznic sues for declaratory and injunctive relief and for monetary and punitive damages on behalf of himself for the deliberate indifference by defendants refusal to obtain proper medical diagnoses and provide adequate medical treatment for his serious medical condition and for their discriminatory and unconstitutional policy and practice to deny plaintiff treatment.

(4) DEFENDANT, Rebekah Haggard is employed by Corizon Medical Services (CMS) as an on -site medical Doctor at the Idaho State Correctional Institution. Defenadant Haggard is being sued in her official capacity and is listed as a primary defendant in this action. Defendant is responsible for overseeing all aspects of medical delivery at ISCI and specifically for failing to intervene in getting plaintiff scheduled to see an off site specialist thus prolonging plaintiffs pain and suffering. Defendant Haggard has acted and continues to act under color of law, customs and policies with respect to her failure to provide constitutionally adequate treatment to the plaintiff. For the purpose of this action Defendant Haggard's address is ISCI 13500 Pleasant Valley Rd. Kuna, Idaho 83634.

(5) DEFENDANT, Corizon Medical Services by contract is the medical health provider for the Idaho Department of Corrections, specifically at the Idaho State Correctional Institution and is being sued in their official capacity and is named as secondary defendant in this action. Defendant Corizon Medical Services (CMS) has acted and continues to act under color of law, custom and policy with respect to their failure and refusal to allow its employees at ISCI to provide constitutionally adequate medical care to the plaintiff. Defendant Corizons Corporate address is 107 Powell Ct. Brentwood,TN. 37027

(6) DEFENDANT, Rona Siegert is an employee of the Idaho Department of Corrections (IDOC) and functions as the IDOC's medical health director and is being sued in her official capacity and is being named as a secondary defendant in this action. Defendant has acted and continues to act under color of law, custom and policy with respect to her failure as medical health services director to use her authority to ensure that Corizons Medical Staff provide constitutionally adequate medical treatment to the plaintiff. For the purposes of this action Defendant Siegert's address is IDOC 1299 North Orchard St. Boise, Idaho 83706.

(7) STATEMENT OF FACTS

Plaintiff is a state inmate under the custody and care of the Idaho Department of Corrections (IDOC), currently housed at the Idaho State Correctional Institution where he is serving a sentence for a felony conviction. Over a year ago, while incarcerated, plaintiff began experiencing numbness and pain in his right leg, thigh, torso and arm. As early as December of 2018, plaintiff brought his concerns to Corizon Medical Staff via the Health Service Request (HSR). Essentially as plaintiff is a diabetic, Corizon Medical Staff, without any testing to support a finding, diagnosed plaintiffs numbness and pain as an adverse effect of diabeties and that there was nothing wrong with him. Plaintiffs condition did not improve and his condition deteriorated to the point that the pain and suffering was affecting his ability to maintain his daily activities. As early as February of 2019 plaintiff sent Corizon medical a minimum of at least 12 concerns pleading for help with his condition, as well as numerous HSR requests to see a provider about his condition. In totality the sum of all of plaintiffs visits resulted in nothing more than being given light doses of pain medication that neither took away the pain or resolved the question as to what exactly what plaintiffs condition even was. Plaintiff pursued every available option to get Corizon Medical Staff to seek a second and more qualified diagnoses about his condition by getting plaintiff scheduled to see a off site specialist for testing. Plaintiffs request has fallen on deaf ears and has been denied, A simple fact remains that plaintiff has been under the Medical supervision of Corizon Medical for over a year and has been forced to suffer with an undiagnosed and untreated condition due to Corizons neglect to get plaintiff to a quailified off site specialist who could very well give a clear diagnoses of plaintiffs current ailment and cure his condition. Plaintiff has suffered and will continue to suffer unless this court can take immediate action to order injuctive relief.

PRISONERS CIVIL RIGHTS COMPLAINT        Pg. 3

(8) CAUSE OF ACTION

Plaintiff alleges that the named defendants have not provided him with "reasonably adequate" medical care as provided for under the U.S. Constitution and have violated the plaintiffs Eighth Amendment right to be free from unnecessary and wanton infliction of pain and suffering. Deliberate Indifference has been shown by defendants denial and delay in providing plaintiff to professional medical testing and for allowing plaintiff to suffer daily because of this neglect.

Plaintiffs claim is based on having a serious, but undiagnosed medical condtion, that causes plaintiff daily severe pain and numbness on the right side of his extremities and body. Plaintiff's condition has now persisted for over a year and he is no closer to finding out what is wrong with him, then when he first contacted defendants about his problem. Over the period of the last year, plaintiff has been seen by various Corizon medical providers about his condition. Each provider made the assumption that plaintiffs pain and suffering was most likely an adverse side affect of plaintiffs diabetes and that there was nothing they could do about it. Plaintiff took issue with such a self-serving diagnosed that plaintiffs condition could be so easily diagnosed and dismissed as diabetes related without a single test or clear proof that this diagnoses was based on medical fact. In **Spencer v. Sheahan 158 F. Supp. 2d 837, 849-50 (N.D.Ill. 2001)** the court held, "that delay in referring diabetic with complications of foot injury to the appropriate clinic could be deliberately indifferent".

As early as January of 2019 plaintiff began requesting to the providers he was seeing to be scheduled to to see an off site specialist for proper testing. Plaintiffs request were denied by all providers. In **Hayes v. Snyder 546 F.3d 516-26 (7th Cir. 2008)** the court held that, "refusal to refer to a specialist, where Doctor did not know cause of extreme pain made no sense and could support a deliberate indifference finding".

In June of 2019 plaintiff began to vigorously request to defendants to get him seen by a specialist. Again his requests were denied. With limited options left plaintiff reached out to Defendant Haggard, explaining that the medical staff she oversees were not treating his condition, nor were they making any advances to diagnose what was wrong with Plaintiff and that that the numerous requests to be seen by specialist were being denied. Here Defendant Haggard had the authority to order off sight testing, but rather than exercise her authority she responded by referring plaintiff back to the same providers who had already deny him and explained that if they recommended seeing a specialist she would put in for it. This response from Defendant Haggard is the typical run around that offenders get when Corizon Medical does not want to address their medical problems

by passing along the medical request to a subordinate in order to prolong giving help to those in need, specifically the plaintiff. In **Durmer v. O'Carrol 991 F.2d 64, 68-69 (3rd Cir. 1993)** the court held that, "that the delay for non medical reasons could constitute deliberate indifference". Although not specifically proven in this case, it can not be disputed that Corizon has checkered past for cutting corners at the expense of the offenders and plaintiff contends his case is a prime example.

As of this writing plaintiff continues to suffer with an unknown and undiagnosed condition due to the delay and negligence of the defendants. As a last resort plaintiff grieved his being denied treatment and access to see a specialist by filing what is known as a "Balla Class Member Concern Form. Through this process the IDOC was put on notice that his medical care was substandard and that it required their intervention. Defendant Siegert maintains the position as the respondent to these Balla Concern Forms. As such she alone had the authority to order defendants to schedule plaintiff to see a specialist, but she in turn failed to act and she relied on again the most common of self serving responses and told plaintiff to submit another HSR about his problem. Here Defendant Siegert could of brought simple resolution to plaintiffs concerns, but instead refused to act against Defendant Corizon and Haggards indifference.

In this case defendants can not deny knowledge of plaintiffs medical concerns. Plaintiff contends that outside the confines of prison, a medical provider would have recognized the pleading of the plaintiff as one in which action needed to be taken to find out the source of plaintiffs condition, community standard of care mandates it! The simple fact of this case is that plaintiff has complained, to no avail and suffered now for over a year with a condition that nas not been clearly defined or diagnosed.

In this case plaintiff not only claims that the defendants were negligent, but deliberately indifferent to his serious medical needs.

(9)     PREVIOUS OR PENDING LAWSUITS AND ADMINISTRATIVE RELIEF

Plaintiff is in the process of filing a State Writ of Habeas Corpus in the 4th District Court of Idaho and contains no subject matter related to this civil matter and no other pending litigation in either the state or federal courts. Plaintiff further has followed all administrative procedures by personally exhausting his claims for this this litigation.

PRISONERS CIVIL RIGHTS COMPLAINT                                         Pg. 5

(10)                  REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff contends that he is from the country of Bosnia, who speaks little English and can not write legibly in English. He has had assistance form another to fill out this complaint, but will not have this assistance once it is filed. Therefore he respectfully requests that counsel be appointed to assist him with this litigation.

(11)                  PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this court grant him the following:

A.    For the named plaintiff, a declaratory judgment that defendants current policies and practice to delay and deny treatment violate the Eighth Amendment of the U.S. Constitution and 42 U.S.C. §1983.

B.    For the plaintiff, injunctive relief by ordering defendant to have a specialist review plaintiffs case and for defendants to provide adequate care consistent with community standard of care.

C.    For the plaintiff, monetary damages in the amount of 2.5 Million to be awarded for plaintiffs pain and suffering.

D.    For the plaintiff, punitive damages in the amount of 2.5 Million be awarded for defendants negligense in allowing plaintiff to suffer and for the delay and denial of treatment.

E.    For the plaintiff, grant such other and further relief as the court may consider just and proper.

(12)                  DECLARATION UNDER PENALTY OF PERJURY

I Ramo Ruznic hereby delare under penalty of perjury that the enclosed information is true and correct to the best of my knowledge.

Dated this 3 day of OCTOMBER, 2019

_____
Ramo Ruznic   Plaintiff

PRISONERS CIVIL RIGHTS COMPLAINT                  Pg. 6