UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMO RUZNIC,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON MEDICAL SERVICES; REBEKAH HAGGARD; RONA SIEGERT; and UNNAMED AND UNKNOWN DEFENDANTS,<br><br>Defendants. | Case No. 1:19-cv-00383-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Corizon Medical Services and Rebekah Haggard's (the "Corizon Defendants") Motion for Summary Judgment. Dkt. 30. Plaintiff Ramo Ruznic has also filed a Motion to Appoint Counsel. Dkt. 32. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to DENY Ruznic's Motion to Appoint Counsel, and GRANT Corizon Defendants' Motion for Summary Judgment.

## II. BACKGROUND

Since 2008, Ruznic has been diagnosed with type II diabetes. Ruznic reports that he

has experienced blood pressure instability, epilepsy, hearing loss, kidney issues, mental health difficulties, and a locked knee. Dkt. 23-1, ¶ 7. Ruznic has also felt numbness and pain in his right leg, arm, and torso since approximately 2017. Dkt. 3, at 3. Ruznic states that since December 2018 (when he brought these issues to Corizon's attention), he has been seen by various Corizon medical professionals who have all attributed his symptoms to his diabetes. *Id.* at 4. That said, Ruznic feels that the care Corizon provided was inadequate and caused him undue pain. Ruznic began requesting to see an off-site specialist in January 2019. *Id.*

On October 3, 2019, Ruznic filed the instant lawsuit alleging that his condition had steadily worsened and that Corizon Defendants are to blame both in general and specifically for not allowing him a second opinion from an off-site specialist. Dkt. 3. In short, Ruznic alleges that Corizon Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment as a result of the medical care provided to him during his incarceration. *See id.*

On December 9, 2019, United States District Court Judge B. Lynn Winmill issued an Initial Review Order permitting Ruznic to proceed on his Eighth Amendment claims. Dkt. 8. Judge Winmill subsequently transferred this case to United States Magistrate Judge Candy W. Dale, who then transferred it to the undersigned. Dkt. 8; Dkt. 22.

On February 25, 2020, Ruznic filed a Verified Request for Leave of the Court to file a Motion for Preliminary Injunction Relief. Dkt. 19. Ruznic claimed that his allegedly undiagnosed condition has gotten progressively worse and he demanded to see a specialist as soon as possible. Dkt. 19, at 5. On August 18, 2020, the Court issued an Order denying

MEMORANDUM DECISION AND ORDER - 2

Ruznic's Motion for Preliminary Injunction and dismissing Defendant Siegert from this case. Dkt. 29.

On October 5, 2020, the Corizon Defendants filed a Motion for Summary Judgment. Dkt. 30. The following day, the Clerk's Office sent its standard Notice to Pro Se Litigants to Ruznic's correctional address on file. Dkt. 31.

On October 19, 2020, Ruznic filed a Motion to Appoint Counsel. Dkt. 32. As part of his Motion, Ruznic indicated that he had a new address. *Id.*

Because of the timing of these various submissions, the Court realized it was likely that Ruznic *had not* received the Court's notice that was sent to him on October 6, 2020. In addition, the Court wanted to address Ruznic's Motion to Appoint Counsel *before* continuing forward with briefing on the Motion for Summary Judgment. To accomplish this, the Court issued an order shortening the briefing on Ruznic's Motion to Appoint Counsel and lengthening the briefing on the Corizon Defendants' Motion for Summary Judgment. Dkt. 33. The Court's hope was to quickly rule on Ruznic's Motion and then proceed with Summary Judgment. Finally, as part of that order, the Court also directed the Clerk's office to resend its Notice to Pro Se Litigants to Ruznic's new address as well as a copy of the order itself so that Ruznic would be aware of the new deadlines.

The Corizon Defendants complied with the Court's order and dutifully filed an opposition to Ruznic's Motion to Appoint Counsel. Dkt. 35. Rona Siegert did as well (Dkt. 34) even though the Court previously dismissed her from this case as a defendant (*see* Dkt. 29).

Ruznic did not reply to his Motion to Appoint Counsel by the designated date.

MEMORANDUM DECISION AND ORDER - 3

Additionally, while the Court gave Ruznic an additional four weeks in which to respond to the Corizon Defendant's Motion for Summary Judgment (in light of the address confusion)—and has now waited an additional two weeks *past* that deadline—Ruznic has not filed his response to the Corizon Defendant's Motion. In fact, Ruznic has not filed *anything* with the Court related to any pending matter since he filed his Motion to Appoint Counsel.

## IV. DISCUSSION

### A. Ruznic's Motion to Appoint Counsel (Dkt. 32).

*1. Legal Standard*

As the Court outlined in its Initial Review Order (Dkt. 8), unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

*2. Analysis*

The Court finds that nothing has changed since its prior analysis on this matter. *See* Dkt. 8, at 12-13. The claims are, as they were before, not particularly complex and Ruznic

has proven himself capable of articulating, and pursuing, said claims. The Court notes that while Ruznic contends that he is lacking in the English language, Dkt. 32, at 1, he has filed a motion for preliminary injunction in this case and responded to dispositive motions filed by Defendants with coherent and understandable pleadings.[1]

Further, as will be discussed below, Ruznic is not likely to succeed on the merits of his case. This also cuts against the appointment of counsel.

In short, the Court finds that no "exceptional circumstances" exist as to justify the appointment of counsel in this case. Ruznic's Motion is, therefore, DENIED.

**B. The Corizon Defendants' Motions for Summary Judgement (Dkt. 30)**

*1. Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly,

---

[1] Oddly, in his current motion, Ruznic appears to have originally indicated he needed someone who "speaks Spanish and can guide me in my endeavors," however, "Spanish" has been crossed out and replaced with the word "Bosnia" (likely meaning Bosnian). This appears to be written in different handwriting but conforms with Ruznic's prior notation that he is from Bosnia and speaks Bosnian. Dkt. 3, at 6.

the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

  *2. Analysis*

  In this case, the Court begins by noting that procedural grounds exist for granting the Corizon Defendants' Motion outright. As noted, after some initial confusion, the Clerk of the Court sent Ruznic its standard Notice to Pro Se Litigants that outlined what the Court required of him in light of the Corizon Defendant's Motion for Summary Judgment.[2] The Notice explained what a motion for summary judgment is, and how and when Ruznic needed to respond to the motion. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 31, at 2 (emphasis in original). To date, Ruznic has not filed anything with the Court.

  Furthermore, Idaho District Local Rule 7.1 outlines that:

---

[2] In *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988), the Ninth Circuit held that prisoners (and others) must receive fair notice of the requirements of Rule 56. In this Court—as in courts across the nation—this notice is a standard form sent to all pro se litigants (including prisoners) explaining Rule 56 and what they must do when a motion under Rule 56 has been filed.

MEMORANDUM DECISION AND ORDER - 6

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party *fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court nonetheless *may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Idaho Dist. Loc. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's Notice, as well as Local Rule 7.1, Ruznic's failure to timely respond to the Corizon Defendants' Motion for Summary Judgment is deemed acquiescence to the facts alleged in their motions, and the Court must grant judgment in their favor.

Finally, the Court has already analyzed, to a certain extent, the claims at issue in this case and notes that the merits of the Corizon Defendants' Motion offer a final substantive reason justifying summary judgment. In essence, the Corizon Defendants assert that all the treatment it provided was acceptable and that Ruznic's claims amount to little more than a disagreement in treatment. Under the circumstances of this case, the Court must agree.

In its Decision regarding Ruznic's Motion for Preliminary Injunction, the Court reviewed Ruznic's years' long course of treatment and found that "[a]ll of the evidence before the Court suggests care has been consistent and adequate, negating a deliberate indifference argument." Dkt. 29, at 8. The Corizon Defendants readily admit that Ruznic had some complications with his diabetes while incarcerated, but argue that many of those

MEMORANDUM DECISION AND ORDER - 7

complications were self-imposed and could have been avoided had Ruznic followed the directions he was given. Speaking of this point, the Court has previously observed that Ruznic had, in fact, missed multiple medical appointments, missed taking his prescribed medications, and that this likely "add[ed] to his own pain and debilitation." *Id.*

As Judge Winmill outlined in his Initial Review Order, differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers are not enough to establish a deliberate indifference claim. Dkt. 8, at 9 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Ruznic has not provided any evidence or testimony to support such a conclusion in this case.

Ultimately, this is a classic *Estelle*[3] medical-disagreement case. Ruznic clearly disagrees with the course of treatment he received, but even if it could be said that this treatment constituted indifference, negligence, or even medical malpractice (which the Court does not say), it would still not be enough to support a cause of action under the Eighth Amendment. *See Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

---

[3] *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (finding that decisions to take (or not take) certain medical actions do not represent cruel and unusual punishment absent deliberate indifference and that mere negligence—or even medical malpractice—regarding a medical diagnosis and treatment cannot support an Eighth Amendment claim).

MEMORANDUM DECISION AND ORDER - 8

Finally, insofar as Ruznic claims he should have been allowed to see a specialist, the Court reiterates that prison inmates do not have a constitutional right to outside medical care. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986).

## V. ORDER

1. Ruznic's Motion to Appoint Counsel (Dkt. 32) is DENIED.

2. Defendants' Motion for Summary Judgment (Dkt. 30) is GRANTED.

3. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: December 15, 2020

_____
David C. Nye
Chief U.S. District Court Judge